UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORRIS WILLIAMS,

    Petitioner,

v.                                      Case No.: 2:22-cv-309-SPC-MRM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**STANDING ORDER REGARDING MOTION UNDER 28 U.S.C. § 2255**

The Court issues this Standing Order on receipt of Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, which the Fort Myers Division docketed on May 10, 2022. This Standing Order provides directives to Petitioner and Respondent in litigating this Motion.

Accordingly, it is **ORDERED:**

1.    **Rules**: All parties, including petitioners without counsel, must comply with the Federal Rules of Civil Procedure, Local Rules for the Middle District of Florida, Rules Governing Section 2255 Proceedings for the United States District Courts, and all Court orders and forms.

2.    **Service**: The Clerk will serve a copy of Petitioner's Motion on the United States Attorney's Office for the Middle District of Florida and direct a response.

3.    **Copies**: Petitioner should keep one copy of all documents filed or received for his personal records. If Petitioner needs a copy from the Clerk's Office, it

will cost $0.50 per page. Any motion requesting copies must include a check or money order to cover the costs of copying. Failure to include the check or money order may cause the Court to deny any motion for copies.

4. **Case Number**: Petitioner's Motion has been docketed in *both* the criminal case, in which the challenged judgment issued, and a separate civil case. Going forward, Petitioner and Respondent must only file documents related to the Motion in the civil case, which is 2:22-cv-309-SPC-MRM. The parties must include the entire civil case number (and letters) on all future filings with the Court. Any filings without the case number will be returned without docketing.

5. **Form of Pleadings**: All documents filed with the Court must be legibly printed or typewritten on **one side** of 8 ½ x 11-inch white paper. If typewritten, the filing must be double-spaced and in at least 14-point Times New Roman or 13-point type in one of the following typefaces: Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino. Failure to comply with these formatting requirements may cause the Court to return the documents without docketing or strike documents after docketing.

6. **Signature**: Petitioner must sign documents filed with the Court under the penalty of perjury. *See* 28 U.S.C. § 1746; Fed. R. Civ. P. 11. If a signature is missing, the Court will strike the filing and direct the party to resubmit it.

7. **Notice of Change of Address**: It is Petitioner's duty to keep the Court and Respondent notified of Petitioner's current address. If the Court or Respondent

does not have a current address, Petitioner cannot receive orders, filings, and other documents. The Court may dismiss the case if Petitioner fails to advise it of any change in address.

    a.    If Petitioner is **transferred** to another facility, he must file a written Notice of Change of Address with the Clerk's Office within **14 days** of arriving at the new facility. The Notice must identify the new mailing address.

    b.    If Petitioner is **released** from custody before the Court rules on the Petition, he must **immediately** notify the Court of his release and why his release does not moot the Petition.

8.    **Communication with the Court**: Neither Petitioner nor anyone on Petitioner's behalf can write letters to, call, or otherwise contact the judges or their staff. The only way to communicate with the Court is through a written pleading or motion filed with the Clerk's Office.

    **DONE and ORDERED** in Fort Myers, Florida on May 11, 2022.

/s/ *Sheri Polster Chappell*
Sheri Polster Chappell
United States District Judge

/s/ *John Badalamenti*
John Badalamenti
United States District Judge

/s/ *John E. Steele*
John E. Steele
Senior United States District Judge